In the Matter of the Estate of ANNA DEUTSCHER, Deceased.

Surrogate's Court, New York County, January 17, 1928.

**Executors and administrators — heirs and next of kin — accounting proceeding involving determination of relationship of decedent to certain alleged next of kin — evidence establishes that objectant is not next of kin of decedent.**

This is an accounting proceeding involving the determination of the relationship of an alleged next of kin to decedent.   The objectant claims to be a first cousin once removed, and also through adoption of the decedent, a niece of the decedent.   For the purpose of establishing her claim, there was introduced in evidence contents of packages containing family Bibles, articles of jewelry with inscriptions thereon, photographs and letters.   The contents of the packages should not have been admitted in evidence, since the proof did not show that the contents ever belonged to or were ever in the possession of the decedent. Nor does the testimony given by witnesses for the objectant identify the decedent as the cousin, and aunt of the objectant by adoption.   On the other hand, the testimony by the accountant proves conclusively that the decedent was not related to the objectant.

It was error for the referee to strike out all writing relating to the pedigree of decedent contained in bank cards and other documents signed by the decedent, for written statements as to pedigree are equally admissible where they were made by a person whose oral declarations to the same effect would be competent, or by some other person at his direction.

Surrogate's Court, New York County, January, 1928.    [Vol. 132

ACCOUNTING proceeding by the public administrator of the county of New York, involving relationship to decedent of alleged next of kin.

*N. Joseph Slicken,* for the petitioner.

*Dudley E. Latham,* for the claimant.

*Sol. D. Levy,* for Dr. Novak, Consul General of Czechoslovakia.

*Frank H. Richmond,* referee.

O'BRIEN, S.   The decedent died intestate on December 27, 1925, at No. 216 East Ninety-eighth street, in the borough of Manhattan, city of New York.   She left assets consisting of three savings bank accounts and a death benefit paid by Vladika, a Bohemian society.   The estate was administered by the public administrator of the county of New York, who is now accounting. In his account Robert Petras, Jan Petras, Amost Petras and Josef Petras, described as nephews of the decedent, residing in Czechoslovakia, are named as next of kin and the distributees of the estate. One Nelva Keefer Herman, residing in Harrisburg, Penn., filed objections to the account, claiming that she was the sole next of kin of the decedent and thus entitled to the entire estate.   The issues raised by these objections were referred to the referee herein to take testimony and report to this court with his opinion.

The referee has found in favor of the objectant.   Exceptions to his report have been filed by the accountant herein, and by the Czechoslovakian Consul General at New York, who appears on behalf of the four individuals named in the account.   The testimony offered on behalf of the objectant at the hearings before the referee with respect to her alleged relationship to the decedent was to the effect that she was the sole surviving daughter of one Cinda Konrad; that Cinda Konrad was the daughter of one Daniel Konrad and Elizabeth Schwenck Konrad; that Elizabeth Schwenck Konrad was a sister of Matilda Schwenck, who died July 12, 1880; that Mati'da Schwenck had an illegitimate daughter Anna, and that said daughter's father was unknown; that said Anna married one " Fred Dutscher," who has not been heard from for over seven years, and that there were no children of that marriage; that said "Anna Dutscher " was a first cousin once removed of the objectant and was an aunt through the adoption of said Anna by Daniel and Elizabeth Konrad, objectant's grandparents.   To substantiate her contentions the objectant offered in evidence the contents of three packages received through parcel post from some unknown source one and a half years after the death of the decedent.   These packages contained family bibles, various articles of jewelry with inscriptions thereon, alleged photographs of the decedent, letters, etc.,

MATTER OF DEUTSCHER. 207

Misc. 205]     Surrogate's Court, New York County, January, 1928.

which tended to show, at most, that one Anna Konrad, born in Pennsylvania on October 3, 1851, who married one "Fred Dutscher," was an illegitimate child of Matilda Schwenck, the maternal grandaunt of the objectant. To connect this evidence with the decedent the objectant produced a witness, one Madeline Carolee, who identified certain pictures contained in the packages as photographs of the decedent. Madeline Carolee further testified that while happening to be in the room of decedent, in order to fix a clothes line between decedent's home and her own, she noticed a picture of the objectant in an open trunk of decedent in the room. She also testified that decedent carried her arm as though it were lame and that she had never seen her write. There was also submitted in evidence by consent the affidavit of one Lucinda Schaffer, of Hagerstown, Md., who is over seventy years old, and who alleged that she knew the decedent from childhood; that the decedent was related to the *Konrad* family; that the decedent from childhood had a lame hand but corresponded with her through some third party; that this correspondence had gone on for years; and that decedent's last residence was 216 East Ninety-eighth street, New York city. All the letters offered in evidence by the objectant, as coming from the decedent were in the handwriting of a person admittedly not the decedent, and bore the signature "Anna Dutscher." The testimony submitted before the referee was in my opinion insufficient to prove that the contents of the said packages ever belonged to or were in the possession of the decedent, and were, therefore, improperly admitted. Nor does the testimony of the witnesses Madeline Carolee, Lucinda Schaffer, Herman Bonhorst, the janitor of the house in which decedent resided, nor the testimony of the objectant, sufficiently identify the person described as the cousin and the aunt by adoption of the objectant as the same person as the decedent in this estate.

The evidence as to the pedigree of the decedent submitted by the accountant differs entirely from that offered by the objectant. The accountant contends that the father of the decedent was one Jan Petras and her mother one Theresia Petras. One Antonia Petras, a sister-in-law of the decedent, residing in New York city, who was married to decedent's brother John Petras, now deceased, testified that she knew the decedent for about forty years and visited her quite often; that she knew decedent's mother, Theresia Petras, and knew her sister and brothers; that the decedent was born in Moravia, Austria, now Czechoslovakia; that decedent came to this country in 1879, preceding her mother, her brothers John, Matthew and Alois and her sister Theresa, who came later; that they resided together in this city for a number of years; and that

decedent was a cigarmaker by trade. Two other witnesses produced by the accountant testified that they knew the decedent and worked with her in cigar factories, one in Moravia and the other in this city; that they knew her mother, Theresia Petras, her brothers John, Matthew and Alois Petras and her sister Theresia Petras. The testimony of these witnesses is further supported by documents which, in my opinion, conclusively establish the parentage of the decedent as testified to by them. A probate proceeding had in 1907 in this court upon the estate of the husband of the said Antonia Petras, wherein a petition was made by her for letters testamentary, contains the names of Theresia Petras, mother, Matthew Petras, brother, and Anna Deutscher, sister, of said John Petras. A waiver of citation in that proceeding was signed by the decedent, by Matthew Petras and by Theresia Petras, and verified before a notary public of New York county. There were also offered in evidence five bank statements containing information given by the decedent to various banks at the time she opened accounts in them. It appears on such statements that the name of her father was Jan Petras and her mother Theresia Petras. The referee, in his report, granted the motion made by the objectant to strike out all writing as to the pedigree of the decedent contained on those bank cards other than the signature of Anna Deutscher. This ruling of the referee was erroneous. It is well settled that written statements as to pedigree are equally admissible whether they were made by a person whose oral declarations to the same effect would be competent, or by some other person under his direction. (22 C. J. 253.) In one of these bank statements (Central Savings Bank, Resp. Exhibit L) the date of her birth appears as " 8/28/57." This is significant, in view of the fact that the birth certificate produced by the accountant gives the identical month, day and year as the date of birth of decedent. In that certificate her birthplace is stated as the town of Stramberk, in the Province of Moravia, in the present Republic of Czechoslovakia, and the name of her father is given as Jan Petras and her mother as Theresia Prokes. A return of marriage issued by the health department of the city of New York shows that on June 28, 1885, the decedent was married to Friedrich Deutscher at the city of New York; that the decedent's maiden name was Anna Petras, her father's name Jan Petras and mother's name Theresia Prokes, and that her birthplace was Moravia. The certificate and record of death from the health department of New York city, of John Petras, who it was testified to was a brother of Anna Deutscher, contains the name of Jan Petras and Theresia Prokes as his parents. A certificate and record of death from the health department of New York city, of Alois

MATTER OF POST. **209**

Misc. 209]    Surrogate's Court, New York County, January, 1928.

Petras, shows that on December 16, 1890, he died in the city of New York and that his parents' names were John Petras and Theresia. It is also important to note that the signature of the decedent upon the bank statements and in the waiver of citation in the probate proceeding upon the estate of her brother John Petras were all in the same handwriting, as testified to by the bank clerks familiar with handwriting, and were all signed "Anna Deutscher." These signatures of the decedent and her occupation as a cigarmaker refute the claim of objectant that because of a lameness of her right hand she was unable to write and the claim that all correspondence was had through the medium of some third party. In the face of this convincing evidence it is unnecessary to dwell upon the other testimony submitted by the parties.

After a careful consideration of all the facts and circumstances in the case I hold that the objectant has failed to prove that she is related to this decedent. The evidence does, however, conclusively establish that the person who opened the accounts and owned the money deposited in the various savings banks, which is now distributable to her next of kin, was the daughter of Jan and Theresia Petras. The report of the referee is, therefore, overruled and the exceptions thereto sustained. The objections to the account are dismissed. Submit decree sustaining the exceptions, overruling the report of the referee, and settling the account as filed.